been enlarged to the May Term, but remains presently unperfected. Therefore, the court *sua sponte* invokes the provisions of CPL 460.10 (subd [6]) to treat the notice of appeal from the order as a valid appeal by the People from the judgment, bringing up for review the intermediate order, and to consolidate the People's appeal with the appeal by the defendant, to be heard together. (See *People v Popolo,* 31 AD2d 761.) In view of the time factor, both appeals shall be perfected for the September Term. Concur—Kupferman, J. P., Birns, Silverman and Markewich, JJ.

## (April 27, 1977)

■ EUGENIO C. MATTA et al., Appellants, v HERSON CABRERAS et al., Respondents.—Order, Supreme Court, New York County, entered on April 15, 1977, unanimously affirmed for the reasons stated by Referee Frank B. Lewis, without costs and without disbursements. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.

■ EUGENIO C. MATTA et al., Appellants, v HERSON CABRERAS et al., Respondents.—Order, Supreme Court, New York County, entered on April 15, 1977, unanimously affirmed for the reasons stated by Referee Frank B. Lewis, without costs and without disbursements. Application for leave to appeal to the Court of Appeals denied, without prejudice to an application to the Court of Appeals for such leave. The previous order of this court entered on this date is hereby vacated. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.

## (April 28, 1977)

■ FLORENCE YAMPOL Also Known as FRITZIE YAMPOL, Respondent, v HARRY MOSS et al., Defendants, and GRACE DISCOUNT CORPORATION, Appellant.—Order, Supreme Court, New York County, entered on November 9, 1976, unanimously affirmed for the reasons stated by Schwartz, J., at Special Term, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered on August 12, 1976, unanimously dismissed as academic, without costs and without disbursements. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.

■ In the Matter of VERNELL FARMER, Petitioner, v STEPHEN BERGER, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Petition in CPLR article 78 proceeding to annul a decision of the State Commissioner of Social Services dated April 14, 1975 (affirming the determination of the New York City Department of Social Services denying petitioner's request for moving expenses), is unanimously denied, and the determination confirmed, without costs, and without disbursements. Pursuant to CPLR 7804 (subd [g]), the proceeding was transferred to this court for disposition by order of the Supreme Court, Bronx County, entered December 16, 1975. Pursuant to CPLR 7804 (subd [e]), the court directed respondent to supply the tape recording of the hearing, and the tape was played in the presence of counsel. The tape is substantially in accordance with the transcript which has been submitted. Notwithstanding some minor imperfections and background noises on the tape, the court is satisfied that the tape recording was substantially an accurate and complete